IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| STANLEY LIGAS, et al.,         ) | |
|                                ) | |
|     Plaintiffs,                ) | No. 05 C 4331 |
|                                ) | |
| vs.                            ) | Judge Holderman |
|                                ) | Magistrate Judge Ashman |
| BARRY S. MARAM, et al.,        ) | |
|     Defendants                 ) | |

**AGREED PROTECTIVE ORDER**

This matter coming before the court on Plaintiffs' Motion for Entry of Agreed Protective Order, the parties having agreed and stipulated hereto and the Court being fully advised in the premises,

It is hereby ordered that:

1. In light of the protections Illinois and federal law may afford to records relevant to this lawsuit (*see*, *e.g.,* 740 ILCS 110/1 *et seq.* (the Mental Health and Developmental Disabilities Confidentiality Act); 42 U.S.C. § 1396a(a)(7); 42 C.F.R. §§ 431.300-307; 42 U.S.C. 290dd-2; 20 ILCS 301/30-5; PL 104-191 (the Health Insurance Portability and Accountability Act); 410 ILCS 305/1 *et seq.* (the AIDS Confidentiality Act); and 45 C.F.R. § 164.512), the Court, pursuant to Fed. R. Civ. P. 26(c), finds it appropriate to enter a Protective Order ("Order") that ensures the confidentiality of certain identifying information in such documents. Therefore, the parties' Agreed Motion for Entry of Protective Order is granted, subject to the terms set forth below.

2. The term "Confidential Document" in this Order means any material that is confidential under Illinois or federal law regarding or relating to an individual who is receiving or who has received developmental disabilities services. Anything which discloses the contents or substance of such material, including documents produced or exchanged in the course of this litigation, pleadings, motions, interrogatory answers, other discovery responses and testimony given in depositions, shall be deemed a "Confidential Document" pursuant to the terms of this

Order; provided however that a party need not treat pleadings, motions, interrogatory answers, other discovery responses and testimony given in depositions as confidential if such material discloses only such information about the named plaintiffs that was disclosed in the complaint filed in this action.

3. The term "identifying information" means a name, address, telephone number, social security number, or any other information from which the identity of an individual foreseeably can be ascertained.

4. Any party that produces or has produced material that it believes contains confidential information as defined in paragraph 2 shall designate it as such by marking the material with the word "CONFIDENTIAL" or in some other manner agreeable to all counsel in order to assure that the documents can be clearly identified as being subject to the terms of this Order. If a party produces material without designating it as confidential, but later determines that the material should be so designated, the party may designate such material as confidential within sixty days following production by providing written notice of such designation. Upon receipt of the notice of designation, the receiving party shall mark all such material, and all copies thereof, with the designation "CONFIDENTIAL" and, from that point forward, treat such material in all respects as confidential in accordance with the provisions of this Order. A party's failure to have designated the material as confidential when originally produced shall not amount to a waiver of the party's right to designate material as confidential, although the other party may still dispute the confidential designation under the procedure provided for in this Order.

5. Except as otherwise provided herein, Confidential Documents shall be used and disclosed solely for the purposes of this litigation and shall not be revealed, disclosed or made available for inspection and copying to any person except under the terms of this Order or as required to be disclosed by law or Court order.

6. Nothing in this Order shall prevent the parties from using their own Confidential Documents in the normal course of business. For instance, the individual defendants and personnel within their respective agencies (the Illinois Department of Human Services and the

Illinois Department of Healthcare and Family Services) are not prevented from disclosing their own documents to their own employees and officers, Illinois state officials, their contractors, sister state agencies, service providers, regulators, and relevant federal agencies for all purposes required or permitted by law.

7. Except as otherwise provided herein, the parties shall maintain in a secure manner all Confidential Documents and shall not disclose any identifying information in any such document to anyone other than (a) the parties to this litigation and employees of the parties, including employees of the Illinois Department of Human Services and the Illinois Department of Healthcare and Family Services; (b) counsel of record for the parties, including employees, agents and supervisors of counsel of record; (c) experts, consultants or employees of document handling services specifically retained by the parties and/or their attorneys to assist in the litigation of this matter and (d) court personnel and court reporters.

8. Any person who makes a disclosure permitted by this Order shall advise the person(s) to whom such disclosure is made of the obligations imposed by this Protective Order and provide the person(s) with a copy of the Order. In addition, prior to disclosing Confidential Documents to any person identified in category (c) of paragraph 7, counsel shall first require the recipient to execute a Confidentiality Agreement in the form attached hereto as Exhibit "A".

9. In the event that the parties or their attorneys decide to use any Confidential Documents in any deposition in this litigation, the deposition testimony and the documents or information utilized shall be noted confidential on the deposition record, and any identifying information contained in the related portions of the deposition transcript or the exhibits shall not be disclosed to any other person, other than those to whom disclosure is permitted pursuant to paragraph 7, without prior leave of Court or agreement of counsel. Counsel taking the deposition shall obtain the acknowledgement of the deponent on the record of such deposition that he or she shall not disclose to any other person the identifying information contained in the Confidential Document. The deponent thereafter shall be bound to keep any such identifying information confidential.

10. The parties are ordered to retain copies of all documents containing confidential information which are provided in discovery under this Order. Confidential Documents shall **NOT** be filed with the Clerk of Court. Documents requiring the Court's review shall be submitted to chambers *in camera* in a sealed envelope bearing the caption of the case, case number, the title of the motion or response to which the submitted confidential information pertains, and the name and telephone number of counsel submitting the documents. The producing party shall maintain the original documents intact for any further review. A redacted copy of the pleading shall be filed with the Clerk of Court for the record.

11. If a party disputes another party's characterization of a document as confidential, the parties shall confer in an attempt to resolve the dispute prior to seeking any relief from the Court. If the parties are unable to resolve the dispute amongst themselves, any party may seek relief from the Court. Any document that is the subject of such dispute shall be kept confidential pursuant to the terms of this Order unless and until the Court resolves the disagreement concerning confidentiality.

12. To the extent that state or federal law may require court authorization for release of medical and mental health records, the Court hereby authorizes the release of such records to plaintiffs' attorneys of record in this litigation, upon their request, for inspection and copying of such records or any part thereof, subject to the terms of this Order and the Federal Rules of Civil Procedure.

13. The terms of this Order apply to all documents produced in this litigation and to all copies thereof which may be made at any time during the course of this litigation.

14. Nothing in this Order limits the parties' right to seek modification of this Order or to apply for additional protective orders as may become necessary due to a change in circumstances or for other good cause shown.

15. Within fourteen days following the conclusion of this litigation, the parties, their agents and attorneys shall secure and return to the producing party all Confidential Documents produced by the producing party and all copies thereof to prevent their future disclosure in

violation of this Order. Materials that qualify as attorney work product are not subject to the obligation stated in this paragraph.

16. Except as otherwise provided herein, the restrictions and obligations provided for herein shall not terminate upon the conclusion of this lawsuit but shall continue until further order of this Court.

ENTER:

*James F. Holderman*
JAMES F. HOLDERMAN
United States District Judge

Date: May 15, 2006

## EXHIBIT A TO AGREED PROTECTIVE ORDER

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| STANLEY LIGAS, et al., | ) |  |
|---|---|---|
|  | ) |  |
| Plaintiffs, | ) | No. 05 C 4331 |
|  | ) |  |
| vs. | ) | Judge Holderman |
|  | ) | Magistrate Judge Ashman |
| BARRY S. MARAM, et al., | ) |  |
|  | ) |  |
| Defendants. | ) |  |

## CONFIDENTIALITY AGREEMENT

STATE OF _____ )

COUNTY OF _____ )

_____, being duly sworn, deposes and says:

I have read the Protective Order entered in the above-referenced case, and I agree to be bound by the terms thereof.

_____

SUBSCRIBED AND SWORN TO before me this ___ day of _____, 200_

_____
Notary Public

My Commission Expires:

_____