UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| **Stanley Ligas, et al.,** ) | |
| ) | |
| **Plaintiffs** ) | |
| ) | Case No. 05 C 4331 |
| v. ) | |
| ) | |
| **Theresa Eagleson, et al.,** ) | Judge Sharon Johnson Coleman |
| ) | |
| **Defendants.** ) | |

**PLAINTIFFS' PROPOSED PLAN FOR DISCOVERY
ADDRESSING DEFENDANTS' MOTION TO VACATE CONSENT DECREE**

Pursuant to this Court's Minute Order of October 30, 2023 (Dkt. 830),[1] Plaintiffs submit this summary of the discovery that Plaintiffs may need to have a full and fair opportunity to prepare their opposition to Defendants' pending motion to vacate the Consent Decree. *See* Dkt. 837; filed December 8, 2023. Plaintiffs have also proposed parameters for the necessary discovery period; met and conferred with Defendants on Friday, December 8, 2023; and, as agreed in the meet and confer, provided a written proposal to Defendants for their review and consideration on Monday, December 11, 2023. Defendants have indicated they need time to review the proposal and will respond after conferring with their clients.

**Overview of Plaintiffs' Anticipated Discovery**

Defendants' Motion makes sweeping assertions regarding their alleged compliance with the Consent Decree and a supposed "durable remedy" they claim to have established in satisfaction

---

[1] The Minute Order directs that Plaintiffs "inform the Court of what discovery may be needed" for Plaintiffs' opposition to Defendants' termination motion within ten days after the filing of Defendants' motion.

of the Decree. Both Plaintiffs and the Court Monitor disagree with Defendants' contentions.[2] To ensure Plaintiffs have a fair opportunity to demonstrate the bases for their opposition with admissible evidence, Plaintiffs seek to exercise their right to pre-termination discovery as specifically permitted under the Decree.[3] The following provides the general framework for the topics Plaintiffs intend to address through discovery:

<u>Sufficiency of the service system</u>: Defendants claim to have achieved a dramatic expansion of the developmental disability (DD) system that satisfies their obligation under Paragraph 4 of the Decree. *See* Dkt. 837 at 1, 17, 23, and 26. Plaintiffs' discovery to address this issue will include seeking stipulations as to the authenticity of certain data Defendants have been providing to Plaintiffs, as well as requests for additional data and documentation centering primarily around capacity and the provision of services to individuals with high needs and individuals in crisis. Plaintiffs intend to work cooperatively with Defendants in efforts to secure stipulations regarding the accuracy and completeness of such data, but it is possible that depositions of an appropriate representative witness may be needed for reliability of the data and substance of the claims.

<u>Durable remedy and systemic barriers to service</u>: Defendants claim they have created a "durable remedy" and have developed a "comprehensive, effectively working system." Dkt. 837 at 33. Plaintiffs anticipate discovery on this issue and will focus on the extent to which systemic barriers to services persist, including areas where Defendants' incomplete or faulty data is masking delays in service delivery. Plaintiffs further anticipate discovery addressed to ongoing deficiencies

---

[2] *See, e.g.*, Dkt. 807 at 33; 808 at 10,16, 20,23-24 (Court Monitor's disagreement with Defendants' contention regarding the adequacy of services for people living in the community); *see also* Dkt. 829 (addressing Plaintiffs' position on various areas of non-compliance.)

[3] *See* Dkt. 549 at 23-24. In fact, the Decree provides that Defendants may not move for a finding of substantial compliance without agreement by the Court Monitor, and further ensures Plaintiffs have the opportunity to conduct discovery to test or oppose Defendants' substantial compliance assertions if Plaintiffs oppose the Defendants' motion. *See* Dkt. 549 at 24.

in areas where Defendants have yet to implement corrective action, or where their solution has yet to show positive impact.

<u>Investment in the system</u>: Defendants' substantial compliance arguments cite to the State's spending increases in recent years, their partial implementation of the Guidehouse recommendations, and "commitments" they have made to seek robust funding through FY 2027. Plaintiffs anticipate discovery in this area as well, both to clarify how the State's spending has changed and to demonstrate new and significant areas of non-compliance arising because of the way Defendants are implementing certain Guidehouse recommendations.

<u>Serving individuals in crisis</u>: Plaintiffs anticipate discovery to address Defendants' contention that they are promptly and appropriately serving Class Members "in crisis" as defined by Decree Paragraph 21. *See* Dkt. 837 at 22.

<u>PUNS and reasonable pace</u>: Plaintiffs anticipate discovery seeking verification of Defendants' assertion that all original Class Members seeking to live in the community have been served, as well as the substantial (sometimes years-long) delays in Defendants' provision of *services* to individuals who are selected from the PUNS list each year, including but not limited to, the provision of services needed and identified in a class member's transition or personal plan.

<u>Compliance measures review</u>: Plaintiffs anticipate discovery, including possible expert discovery, addressing Defendants' self-created "formula" for determining whether the quality of services being provided to people served in the community is sufficient to constitute substantial compliance with the Decree and protect against future systemic violations.

<u>Defendants' data points</u>: Defendants make numerous unsupported statements regarding increases in individuals being served under the waiver; the number of people in crisis who were put on waiver services; the number of Class Members admitted to SODCs and how long they wait

to get out; and other critical compliance issues. Plaintiffs anticipate discovery to clarify the reliability of Defendants' data and contentions, how Defendants made these calculations, and what the figures represent, as these numbers were not supported by admissible evidence in Defendants' papers. Plaintiffs further anticipate discovery to clarify additional factors needed to understand the figures in context – for example, Defendants' citation to the number of people in crisis served in a particular year has little to no relevance without disclosure of the number of people in crisis who were *not* served, as well as what Defendants are counting as appropriately "serving" someone in crisis (e.g., by placing the person in an SODC in direct violation of the Decree).

<u>Serving high needs individuals</u>: Plaintiffs anticipate discovery directed to Defendants' assertion that there are sufficient policies and systems in place to serve high needs individuals who want to live in the community. That discovery will address such issues as the number of people with high needs who presently are not able to move to the community due to lack of supports, the type and volume of supports needed to satisfy such unmet needs, the extent of unmet needs for those currently in the community-based system, the safety and conditions of Class Members in SODCs, and how the resource enhancements Defendants laud in their Motion (*see* Dkt. 837 at 32) compare to ongoing unmet needs.

Plaintiffs anticipate directing discovery to some third parties as well as to Defendants. In addition, Plaintiffs anticipate presenting expert opinions on one or more topics, including from the Court Monitor and/or one or more members of her staff.

**Plaintiffs' Proposed Discovery Schedule**

Plaintiffs propose the following deadlines and limitations for Plaintiffs' discovery addressing Defendants' motion to vacate the Decree:

- Fact Discovery: December 11, 2023, to March 29, 2024. Plaintiffs may conduct fact discovery relating to Defendants' Motion, with such discovery to be completed by March 29, 2024. This deadline may be extended only by order of the Court for good cause shown.

- Limits on fact discovery: Plaintiffs may propound requests to admit and requests for production. Unless otherwise ordered by the Court for good cause shown, Plaintiffs shall not propound more than 25 interrogatories (including discrete subparts). Plaintiffs shall be limited to a total of 10 depositions, one of which may be a Rule 30(b)(6) deposition with multiple topics.

- Plaintiffs' expert disclosures due April 5, 2024.

- Depositions of Plaintiffs' experts to be concluded by April 26, 2024.

This Court set, then removed from the calendar, an in-person status conference on December 19, 2023. The Court further set a hearing date of April 4, 2024, for Defendants' Motion. Plaintiffs respectfully submit that the discovery period outlined above is necessary to give Plaintiffs a fair opportunity to respond to Defendants' Motion, particularly because Defendants chose not to cite specific, authenticated reports or other admissible evidence for the vast majority of their factual assertions.

## Conclusion

For all of the foregoing reasons, Plaintiffs respectfully submit this proposal for Plaintiffs' discovery addressing Defendants' Motion to Vacate in response to this Court's directive in its Minute Entry of October 30, 2023.

Respectfully submitted,

By: /s/ Laura J. Miller
Laura J. Miller
Sujatha Jagadeesh Branch
Andrea Rizor
Equip for Equality
20 North Michigan, Suite 300
Chicago, IL 60602


Heidi Dalenberg
Roger Baldwin Foundation of the
ACLU of Illinois
150 N. Michigan Ave., Ste 600
Chicago, IL 60601
hdalenberg@aclu-il.org