UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| Stanley Ligas, et al., ) | |
| ) | |
| Plaintiffs, ) | |
| ) | Case No. 05 cv 4331 |
| v. ) | |
| ) | Judge Sharon Johnson Coleman |
| Theresa Eagleson, et al., ) | |
| ) | |
| Defendants. ) | |

**DEFENDANTS' RESPONSE TO PLAINTIFFS' PROPOSED PLAN FOR DISCOVERY ADDRESSING DEFENDANTS' MOTION VACATE CONSENT DECREE**

Defendants, by their attorney, Kwame Raoul, Attorney General of Illinois, hereby respond to Plaintiffs' Proposed Plan for Discovery Addressing Defendants' Motion to Vacate Consent Decree ("Proposed Discovery Plan") (Dkt. No. 838).

On December 11, 2023, Plaintiffs shared with the Defendants their Proposed Discovery Plan. Later that afternoon, Plaintiffs filed the Proposed Discovery Plan.

Although the Court stated in its October 30, 2023 minute order that the "parties may submit a joint proposed discovery schedule" (Dkt. No. 830), the Defendants are not in a position to agree to a proposed discovery schedule given the overbreadth of Plaintiffs' Proposed Discovery Plan. As filed, the proposed discovery requests are far too broad and general to be agreeable to the Defendants. They also clearly contradict this Court's direction at the October 30, 2023 status hearing. The proposed discovery requests appear to be designed for a case where Plaintiffs are starting from scratch in fact-gathering. In fact, as described below, the Defendants have provided an enormous amount of written information to Plaintiffs on a monthly basis for more than ten years, in addition to engaging in open dialogue with Plaintiffs for several hours

1

each month. If, as explained below, Plaintiffs were to identify with sufficient specificity the discovery they need to respond to the Motion to Vacate, the Defendants will endeavor to reach agreement with Plaintiffs on a proposed discovery schedule. If the parties cannot agree, they will promptly bring the matter to the Court for resolution.

Initially, although the Court does not need to be reminded of its comments during the October 30 status hearing, it may be helpful for framing this issue to reiterate the Court's directive to the parties:

> We have tons and tons of paper and reports that have been filed. When you say you need discovery, I don't think you need to start from scratch. I think you'd have to be a little more specific with me…. [I]t's going to be not free [wheeling]. You don't get to just say, hey, you know, we want to redepose these people who may not have been deposed recently, when there are probably several reports, and the reports are very thorough. And you'd have to show me why you would need extensive depositions in these areas. It should I would say be limited to either a few people or very short follow-ups on what has already been reported.

Transcript of October 30, 2023 Status Hearing at 22 (Dkt. 834). As the Court's comments reflect, both the Monitor and the Defendants have filed numerous reports with the Court. And, for over a decade, the Defendants regularly have provided Plaintiffs with voluminous information about Class Members, including about hundreds of individual Class Members, plus extensive information about the system and process changes, personnel, and spending, among other areas.

For example, the Defendants provide Plaintiffs with the following monthly updates:

- snapshot of individuals in crisis
- SODC admissions and Class Members entering SODCs since 2017
- cumulative crisis numbers
- Class Member crisis numbers
- status of Class Members on PUNS list
- status of Class Members in ICFs/DD, including those who entered the class after June 15, 2011 and/or after June 15, 2017 but begin waiver services due to ICF/DD facility downsizing

And, the Defendants provide still more information on a less frequent basis, including:

2

- interim ICF placements (quarterly)
- six-month comprehensive data report (most recent report attached as Exhibit A)
- reports on specific individuals seeking services (upon request)

Beyond these regular reports and updates and two regularly scheduled monthly meetings with Plaintiffs, the Defendants respond to numerous additional informal requests from Plaintiffs, including FOIA requests, for either new information or clarification of information previously provided, including:

- breakdown of the ICF/DD status monthly report
- list of individuals selected off PUNS during FY21 and FY22
- list of individuals selected off PUNS who had not yet selected services for more than 36 months
- list of Office of State Guardian (OSG) wards in ICFs/DD who selected waiver services but have not yet moved
- names of the 252 OSG wards, the date they were removed from the class member list, the reason for the removal, and the facility where they resided when they were removed
- names of the 50 OSG wards who were removed from the class list for being in an ineligible setting and the date of removal
- names of the 76 OSG wards whose right to immediate access to waiver services were closed due to an expired hold, the date of closure, and the facility where the individuals resided
- name of the OSG ward deemed clinically ineligible and the facility where they resided
- forms from 2017 that show close out of two individuals who wanted to stay in ICFs/DD

There is little in Plaintiffs' Proposed Discovery Plan that suggests "limited" discovery or not "start[ing] from scratch." For example, regarding PUNS and reasonable pace, Plaintiffs say that they "anticipate seeking verification of Defendants' assertion that all original Class Members seeking to live in the community have been served…." Dkt. No. 838 at 3. The Defendants have served 9,721 more individuals since 2011, and now Plaintiffs are demanding verification that *every single one of them starting in 2011* have been served in the community. That is starting from scratch without any limitation. That is discovery about the entire class over the past twelve years.

3

There are other examples of expansive and undefined proposed discovery in Plaintiffs' Proposed Discovery Plan, including: numerous requests about data that are phrased so broadly as to include every aspect of the Decree; discovery of third parties, although without identifying them, how many, and the discovery topics; and expert discovery, including from the Monitor, but again without identifying the volume or topics of discovery. Given that the Decree permits "reasonable discovery concerning *factual issues* relevant to the determination of compliance" (emphasis added) (Dkt. No. 549 at 26 of 41), expert discovery is not necessary or appropriate at this stage of the case. And, the Defendants object to Plaintiffs asking the Monitor to provide expert opinions as their expert. The Monitor is the Court's eyes and ears, not Plaintiffs' expert, and the Monitor already submitted, at the Court's direction, two reports specifically related to substantial compliance with Decree obligations.

Given the breadth and generality of Plaintiffs' proposed discovery, it is not possible to identify what in Plaintiffs' proposed plan would be appropriately limited discovery needed to respond to the Motion to Vacate. Thus, the Defendants suggest that Plaintiffs submit specific document requests and interrogatories and identify specific individuals who they believe should be subjected to discovery. The Defendants will then endeavor to reach agreement with Plaintiffs on those requests that are reasonable, limited, and appear to be necessary. If complete agreement cannot be reached, the parties will submit the matter to the Court for resolution.

4

December 18, 2023

                                        Respectfully Submitted,

KWAME RAOUL
Illinois Attorney General

                          By:    /s/ Brent D. Stratton
                                    Brent D. Stratton
                                    Karyn L. Bass Ehler
                                    Office of the Illinois Attorney General
                                    100 W. Randolph Street, 12th Floor
                                    Chicago, Illinois 60601
                                    (312) 814-3000

                                    Counsel for Defendants

**CERTIFICATE OF SERVICE**

The undersigned, an attorney of record, hereby certifies that, on December 18, 2023, he caused to be filed through the Court's CM/ECF system a copy of **DEFENDANTS' RESPONSE TO PLAINTIFFS' PROPOSED PLAN FOR DISCOVERY ADDRESSING DEFENDANTS' MOTION VACATE CONSENT DECREE**. Parties of record may obtain a copy of this filing through the Court's CM/ECF system.

/s/ Brent D. Stratton
Brent D. Stratton

**CERTIFICATE OF SERVICE**

  The undersigned, an attorney of record, hereby certifies that, on July 13, 2020, he caused to be filed through the Court's CM/ECF system a copy of Governor's Motion to Vacate the May 5, 1972 Consent Decree. Parties of record may obtain a copy of this filing through the Court's CM/ECF system.

            /s/ Brent D. Stratton

            Brent D. Stratton